UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>*Plaintiff-Applicant*,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>*Defendant*. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>*Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DEZ FINANCIAL MANAGEMENT LTD.,<br><br>*Defendant*. | Adv. Pro. No. 11-02552 (BRL) |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Richard Levin
David Greenwald

*Attorneys for DEZ Financial Management Ltd.*

[[3336673]]

**Table of Contents**

Page

Table of Authorities ................................................................................................................... ii

Preliminary Statement ................................................................................................................ 1

Background ................................................................................................................................ 1

Argument ................................................................................................................................... 2

    I.    Withdrawal of the Reference is Mandatory. ................................................................. 3

        A.    Whether the Trustee May Seek Recovery of Subsequent Transfers Between Foreign Entities Requires Significant Interpretation of Federal Securities Law and the Bankruptcy Code. .................................................... 4

        B.    Application of the Section 546(e) "Safe Harbor" Requires Interpretation of Federal Securities Law. ..................................................... 5

        C.    Determining the Appropriate Standard for Evaluating a Transferee's "Good Faith" Requires Significant Interpretation of Federal Securities Law. ......................................................................... 7

            1.    Determining the "Good Faith" of an Initial Transferee Under Section 548(c) Requires Significant Interpretation of Federal Securities Law. ........................................................................ 7

            2.    Determining Defendant's "Good Faith" Under Section 550(b) Requires Significant Interpretation of Federal Securities Law ........................................................................................... 9

    II.    The Court Should Withdraw the Reference for Cause on the Basis of Defendant's Right to a Jury Trial. ........................................................................... 11

Conclusion ............................................................................................................................... 12

# Table of Authorities

**Cases**                                                                                                                                        **Page(s)**

*Barclay v. Swiss Fin. Corp. (In re Midland Euro Exchange Inc.)*,
     347 B.R. 708 (Bankr. C.D. Cal. 2006) ................................................................................... 5

*Belford v. Breck (In re Med. Cost Mgmt., Inc.)*,
     115 B.R. 406 (Bankr. D. Conn. 1990) ................................................................................. 10

*Cassirer v. Sterling Nat'l Bank & Trust Co. of N.Y. (In re Schick)*,
     223 B.R. 661 (Bankr. S.D.N.Y. 1998) ................................................................................. 10

*City of New York v. Exxon Corp.*,
     932 F.2d 1020 (2d Cir. 1991) ................................................................................................ 3

*Enron Corp. v. J.P. Morgan Sec., Inc. (In re Enron Corp.)*,
     388 B.R. 131 (S.D.N.Y. 2008) ............................................................................................... 3

*Enron Creditors Recovery Corp. v. Alfa, S.A.B. DE C.V.*,
     651 F.3d 329 (2d Cir. 2011) ................................................................................................... 7

*French v. Liebmann*,
     440 F.3d 145 (4th Cir. 2006) ................................................................................................ 5

*G-I Holdings, Inc. v. Those Parties Listed on Exhibit A (In re G-I Holdings, Inc.)*,
     313 B.R. 612 (Bankr. D.N.J. 2004) ..................................................................................... 10

*Granfinanciera, S.A. v. Nordberg*,
     492 U.S. 33 (1989) .............................................................................................................. 11

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
     408 F.3d 689 (11th Cir. 2005) .............................................................................................. 8

*In re Dana Corp.*,
     379 B.R. 449 (S.D.N.Y. 2007) .............................................................................................. 3

*IRS v. Nordic Vill., Inc. (In re Nordic Vill., Inc.)*,
     915 F.2d 1049 (6th Cir. 1990) ............................................................................................ 10

*Kendall v. Sorani (In re Richmond Produce Co., Inc.)*,
     195 B.R. 455 (N.D. Cal. 1996) ............................................................................................. 8

*Kepler v. Olson (In re Musurlian)*,
     97 B.R. 985 (Bankr. W.D. Wis. 1989) ................................................................................ 10

*Lustig v. Hickey (In re Hickey)*,
     168 B.R. 840 (Bankr. W.D.N.Y. 1994) ............................................................................... 10

*Maxwell Commc'n Corp. v. Societe Gen. PLC (In re Maxwell Commc'n Corp.)*,
     186 B.R. 807 (S.D.N.Y. 1995) .............................................................................................. 4

*Mishkin v. Ageloff*,
     220 B.R. 784 (S.D.N.Y. 1998) .............................................................................................. 3

*Morrison v. National Australia Bank Ltd.*,
     28 S. Ct. 2869 (2010) ............................................................................................................. 4

## Table of Authorities
## (Continued)

Page(s)

*Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.),*
394 B.R. 721 (Bankr. S.D.N.Y. 2008) .............................................................................. 8

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),*
4 F.3d 1095 (2d Cir. 1993) ............................................................................................ 12

*Picard v. Flinn Invs., LLC,*
463 B.R. 280 (S.D.N.Y. 2011) ............................................................................... 7, 9, 11

*Picard v. HSBC Bank PLC,*
450 B.R. 406 (S.D.N.Y. 2011) ........................................................................................ 3

*Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec. LLC),*
454 B.R. 307 (S.D.N.Y. 2011) ........................................................................................ 3

*Picard v. Katz,*
462 B.R. 447 (S.D.N.Y. 2011) ..................................................................................passim

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC),*
440 B.R. 243 (Bankr. S.D.N.Y. 2010) ............................................................................ 6

*Sec. Inv. Prot. Corp. v. Cheshier & Fuller L.L.P. (In re Sunpoint Sec., Inc.),*
262 B.R. 384 (Bankr. E.D. Tex. 2001) ........................................................................... 2

*Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.),*
922 F.2d 984 (2d Cir. 1990) ........................................................................................... 3

*Sinatra v. Gucci (In re Gucci),*
309 B.R. 679 (S.D.N.Y. 2004) ........................................................................................ 5

*Stern v. Marshall,*
131 S. Ct. 2594 (2011) .................................................................................................. 11

*Tanaka v. Nagata,*
868 P.2d 450 (Haw. 1994) .............................................................................................. 8

*Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.),*
4 F.3d 1556 (10th Cir. 1993) .......................................................................................... 2

*United States v. Rodriguez,*
983 F.2d 455 (2d Cir. 1993) ........................................................................................... 9

**Statutes & Rules**

11 U.S.C. § 362(a) ................................................................................................................ 5
11 U.S.C. § 541(a) ................................................................................................................ 5
11 U.S.C. § 546(e) ................................................................................................................ 5
11 U.S.C. § 548(a)(1) ........................................................................................................... 5
11 U.S.C. § 548(c) ................................................................................................................ 8

## Table of Authorities
## (Continued)

| | Page(s) |
|---|---|
| 11 U.S.C. § 550(a) | 5, 7 |
| 11 U.S.C. § 550(b)(1) | 10 |
| 15 U.S.C. § 78eee(b)(2)(A)(iii) | 2 |
| 15 U.S.C. § 78fff-2(c)(3) | 6 |
| 28 U.S.C. § 157(d) | 2, 3 |
| 28 U.S.C. § 157(e) | 12 |
| 28 U.S.C. § 1334(e) | 5 |

Defendant, DEZ Financial Management Ltd. ("DEZ"), respectfully submits this memorandum of law in support of its motion to withdraw the reference of this proceeding to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**Preliminary Statement**

This action seeks recovery from DEZ as a subsequent transferee of withdrawals that Fairfield Sentry Limited ("Fairfield"), in which DEZ was invested, made from its brokerage accounts at BLMIS. Withdrawal of the reference is mandatory under section 157(d) of title 28 because resolution of this proceeding requires consideration not only of the Bankruptcy Code, but also of other nonbankruptcy federal law, namely, the Securities Investor Protection Act ("SIPA"). Withdrawal is also permitted and should be ordered because Defendant is entitled to a trial by jury, over which the Bankruptcy Court may not preside.

**Background**

"DEZ was a private hedge fund manager domiciled in the British Virgin Islands." (Trustee's Complaint (the "Complaint") ¶ 21, a copy of which is attached as Exhibit A to the Declaration of Richard Levin (the "Levin Declaration") filed contemporaneously with this Motion.) Plaintiff is Irving Picard (the "Trustee"), trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated individual estate of Bernard L. Madoff. According to the Complaint, DEZ made investments in Fairfield, a "feeder fund" of BLMIS located in the British Virgin Islands. (*Id.* at ¶ 2, 6.) The Trustee alleges that a single payment that DEZ allegedly received on April 14, 2003 from Fairfield in redemption of DEZ's investments in Fairfield was funded by withdrawals that Fairfield made

1

[[3336673]]

from its brokerage account at BLMIS.  (*Id.* at ¶ 2, Ex. C.)  The Trustee brings this action to recover the amount of the redemption payment that DEZ received as an alleged subsequent transferee from Fairfield, which received transfers from BLMIS.  (*Id.* at ¶¶ 40-46.)

The Complaint asserts a single claim for relief, by which the Trustee seeks to recover $14,776,114, the value of the payment that DEZ allegedly received from Fairfield, under sections 550 and 551 of the Bankruptcy Code.

DEZ has not yet filed a motion to dismiss, answered or otherwise responded to the Complaint, and presently has until July 9, 2012 to do so.[1]

**Argument**

Section 157(d) of Title 28 of the United States Code provides:

> The district court *may withdraw*, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court *shall*, on timely motion of a party, so *withdraw* a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).[2]  As the emphasized portions indicate, Section 157(d) authorizes withdrawal "for cause" and mandates it under other circumstances.

---

[1] DEZ reserves the right to contest personal jurisdiction under Rule 12(b)(2). This Motion is not a consent to jurisdiction.

[2] The statutes governing a bankruptcy court's authority to adjudicate regular bankruptcy cases and proceedings apply in a SIPA proceeding. *See* 15 U.S.C. § 78eee(b)(2)(A)(iii); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1564 (10th Cir. 1993); *Sec. Inv. Prot. Corp. v. Cheshier & Fuller L.L.P. (In re Sunpoint Sec., Inc.)*, 262 B.R. 384, 393-94 (Bankr. E.D. Tex. 2001).

[[3336673]]

I.      **Withdrawal of the Reference is Mandatory.**

Withdrawal of the reference is mandatory where "substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding," *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir. 1990), including proceedings that require "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes," *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991).  Significant interpretation of non-bankruptcy federal law arises where a bankruptcy court is required "'to engage itself in the intricacies' of non-Bankruptcy law, as opposed to 'routine application' of that law," *In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y. 2007) (quoting *Shugrue*, 922 F.2d at 995).  While "the district court is not required to find that novel or unsettled questions of non-bankruptcy law are presented in order to withdraw the reference," *Enron Corp. v. J.P. Morgan Sec., Inc. (In re Enron Corp.)*, 388 B.R. 131, 139 (S.D.N.Y. 2008), "where matters of first impression are concerned, the burden of establishing a right to mandatory withdrawal is more easily met," *Mishkin v. Ageloff*, 220 B.R. 784, 796 (S.D.N.Y. 1998).

Significant interpretation of SIPA, a federal securities law, mandates withdrawal of the reference.  *Picard v. HSBC Bank PLC*, 450 B.R. 406, 410 (S.D.N.Y. 2011) ("A substantial issue under SIPA is therefore, almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'") (quoting 28 U.S.C. § 157(d) (alteration in original)); *Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec. LLC)*, 454 B.R. 307, 316 (S.D.N.Y. 2011) ("[A]n issue that requires significant interpretation of SIPA undoubtedly requires consideration of laws other than Title 11.").  Withdrawal is especially appropriate where conflict exists between SIPA and the Bankruptcy Code.  *HSBC*, 450 B.R. at

3

413 ("[A] conflict between SIPA and ordinary bankruptcy law [is] something that itself warrants withdrawal of the bankruptcy reference.").

Withdrawal of the reference in this proceeding is mandatory because resolution of the adversary proceeding requires significant interpretation of both the Bankruptcy Code and non-bankruptcy federal law, namely: (1) whether SIPA and the Bankruptcy Code provisions that SIPA makes applicable in this proceeding have extraterritorial application; (2) whether section 546(e) of the Bankruptcy Code bars recovery from DEZ of the redemption payment made by Fairfield; and (3) whether, in a SIPA proceeding, SIPA requires that a "willful blindness" standard be employed to determine DEZ's good faith under section 550(b) of the Bankruptcy Code.

### A. Whether the Trustee May Seek Recovery of Subsequent Transfers Between Foreign Entities Requires Significant Interpretation of Federal Securities Law and the Bankruptcy Code.

The Trustee seeks to recover transfers made by Fairfield to DEZ, two British Virgin Islands entities. To state a claim successfully, the Trustee must show that SIPA authorizes the extraterritorial application of section 550(a) of the Bankruptcy Code to recover the transfers made between those foreign entities. In its recent decision in *Morrison v. National Australia Bank Ltd.*, 28 S. Ct. 2869 (2010), the Supreme Court restated the strong presumption against extraterritorial application of federal law and the application of that presumption to bar extraterritorial application of the federal securities laws: "When a statute gives no clear indication of an extraterritorial application, it has none." *Id.* at 2877-78. Neither SIPA nor the applicable provisions of the Bankruptcy Code express or reflect any Congressional intent that the statutes should be applied to recover transfers made and received outside of the United States. *Cf. Maxwell Commc'n Corp. v. Societe Gen. PLC (In re Maxwell Commc'n Corp.)*,

186 B.R. 807, 819 (S.D.N.Y. 1995) (rejecting extraterritorial application of section 547 of the Bankruptcy Code). Where the bankruptcy law intends extraterritorial application, Congress was explicit. *See, e.g.*, 11 U.S.C. § 541(a) (property of the estate includes property "wherever located"); 11 U.S.C. § 362(a) (automatic stay applies "to all entities"); *Sinatra v. Gucci (In re Gucci)*, 309 B.R. 679, 681-83 (S.D.N.Y. 2004) (court has jurisdiction under 28 U.S.C. § 1334(e) "of all of the property, wherever located, of the debtor"). Section 550 of the Bankruptcy Code contains no such expansive language, nor does SIPA. *Cf. Barclay v. Swiss Fin. Corp. (In re Midland Euro Exchange Inc.)*, 347 B.R. 708, 717-20 (Bankr. C.D. Cal. 2006) (fraudulent transfer statute does not have extraterritorial application). The extraterritorial application of the transfer recovery provisions in the context of a SIPA liquidation is an issue of first impression that requires substantial and material consideration of the intended scope of both SIPA and the Bankruptcy Code. The Court must therefore withdraw the reference for the issue to be determined by an Article III court.

      **B.**    **Application of the Section 546(e) "Safe Harbor" Requires Interpretation of Federal Securities Law.**

Section 546(e) of the Bankruptcy Code provides a "safe harbor" from most of the avoiding powers of a bankruptcy trustee. If applicable in this proceeding, the safe harbor would bar, as a matter of law, avoidance by the Trustee of any BLMIS initial transfer to Fairfield other than avoidance under section 548(a)(1)(A) of the Bankruptcy Code. *See* 11 U.S.C. § 546(e). Section 548(a)(1)(A) permits the Trustee to avoid, under certain conditions, a transfer that occurred "within 2 years before the date of the filing of the petition," 11 U.S.C. § 548(a)(1), in this case December 11, 2008. Moreover, because the Trustee may recover the value of an initial transfer from a subsequent transferee only "to the extent that [the initial] transfer *is avoided* under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title," 11 U.S.C. § 550(a) (emphasis

5

added), the Trustee may not recover from DEZ, as an alleged subsequent transferee, the value of any initial transfer whose avoidance is barred by 546(e).

The Trustee seeks to recover from DEZ a single payment that DEZ allegedly received from Fairfield on April 14, 2003. (Compl. Ex. C.)  By definition, the initial transfers that are alleged to be the source of this subsequent transfer must have occurred, if at all, before the alleged subsequent transfer, and therefore must have occurred before April 14, 2003.  Because these alleged initial transfers from BLMIS to Fairfield must have occurred, therefore, outside of the two-year look-back period prescribed by section 548(a)(1), they may not be avoided by the Trustee, as a matter of law.  And because the initial transfers may not legally be avoided, the Trustee may not recover their value from DEZ, as an alleged subsequent transferee.  Thus, the ultimate effect of the safe harbor in this action is that the Trustee is barred from recovering from DEZ the value of the redemption payment he seeks to recover in his Complaint.

Despite the plain language of SIPA that the Trustee may recover a transfer "if and to the extent that such transfer is voidable or void under the provisions of title 11," 15 U.S.C. § 78fff-2(c)(3), the Trustee has taken the position in other similar clawback proceedings that the section 546(e) safe harbor—which limits the extent to which the Trustee may avoid a transfer under title 11—does not apply in this SIPA liquidation.  *See, e.g.*, Trustee's Opp. to Motion to Dismiss at 89-90, *Picard v. Katz*, Case No. 11 Civ. 3605 (JSR) (S.D.N.Y. July 8, 2011), Docket No. 29 (Levin Decl. Ex. B).  While the Bankruptcy Court has previously indicated its view that the safe harbor does not apply in the BLMIS SIPA proceeding, *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 267-68 (Bankr. S.D.N.Y. 2010), this Court has recently held the opposite, interpreting SIPA to incorporate 546(e) to bar avoidance of payments made to BLMIS customers other than avoidance under section 548(a)(1)(A) of the Bankruptcy Code.  *Picard v. Katz*, 462 B.R. 447, 451-53 (S.D.N.Y. 2011).

6

[[3336673]]

As the Court has previously determined in other proceedings in the BLMIS SIPA liquidation where it withdrew the reference, resolution of this conflict requires significant interpretation of SIPA and of the policies of federal securities laws. *See, e.g.*, *id.* at 451 (recognizing the "collision course" of the policies of bankruptcy and securities law) (quoting *Enron Creditors Recovery Corp. v. Alfa, S.A.B. DE C.V.*, 651 F.3d 329, 334 (2d Cir. 2011)); *Picard v. Flinn Invs., LLC*, 463 B.R. 280, 285-86 (S.D.N.Y. 2011). As in those other proceedings, the Court must withdraw the reference here to determine the appropriate application of section 546(e) in this proceeding.

### C. Determining the Appropriate Standard for Evaluating a Transferee's "Good Faith" Requires Significant Interpretation of Federal Securities Law.

Determining the appropriate standard for evaluating the "good faith" of a transferee in this proceeding will require significant interpretation of SIPA and the Bankruptcy Code. A determination of the good faith of a transferee is expected to arise in litigation surrounding two aspects of the Trustee's claim against DEZ.

#### 1. Determining the "Good Faith" of an Initial Transferee Under Section 548(c) Requires Significant Interpretation of Federal Securities Law.

Good faith may become an issue in determining whether the Trustee has satisfied a threshold element of his recovery claim: that the initial transfers made by BLMIS to Fairfield are avoided. Notwithstanding the plain language of the statute that the Trustee may recover the value of an initial transfer from a subsequent transferee only "to the extent that [the initial] transfer *is avoided* under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title," 11 U.S.C. § 550(a) (emphasis added), the Trustee has argued in another similar action against alleged subsequent transferees that to recover the value of an initial transfer from a subsequent transferee, the initial transfer need not be *actually* avoided. *See* Trustee's Mem. of Law in Opp'n

7

to Movants' Mot. to Withdraw the Reference at 19-21, *Picard v. Citibank, N.A.*, Case No. 11 Civ. 7825 (JSR) (S.D.N.Y. March 2, 2012), Docket No. 14 (Levin Decl. Ex. C).  Instead, according to the Trustee, the "avoided" requirement of section 550 is satisfied if the initial transfer is merely *avoidable*. *Id.* While DEZ intends to argue that this interpretation of the statute is without merit, even under the Trustee's revised version of the statute the Trustee must prove that the initial transfer was avoidable, and DEZ will have the opportunity to assert valid defenses in that avoidance litigation.  *See Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 741 (Bankr. S.D.N.Y. 2008) (recognizing that due process entitles a transferee to a full and fair opportunity to contest the underlying fraudulent transfer) (citing *Tanaka v. Nagata*, 868 P.2d 450, 454 (Haw. 1994)); *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 706 (11th Cir. 2005) ("[O]nce the plaintiff *proves* that an avoidable transfer exists he can then … recover from [a subsequent transferee].") (emphasis added); *Kendall v. Sorani (In re Richmond Produce Co., Inc.)*, 195 B.R. 455, 463 (N.D. Cal. 1996) (same).

       One such defense is codified in section 548(c) of the Bankruptcy Code, which provides that "a transferee … of [a transfer otherwise avoidable under section 548] … that takes for value *and in good faith* has a lien or may retain any interest transferred … to the extent that such transferee … gave value to the debtor in exchange for such transfer … ."  11 U.S.C. § 548(c) (emphasis added).  As this Court has previously determined, the practical effect of section 548(c) is to limit the ability of the Trustee to avoid BLMIS customer payments under section 548 to the so-called "fictitious profits" of a "good faith" transferee, protecting the value of a customer's principal investment from avoidance.  *Katz*, 462 B.R. at 453.  DEZ may therefore defeat the Trustee's claim to recover the value of any portion of Fairfield's principal investment with BLMIS by establishing that Fairfield received the initial transfers in "good faith."

8

This Court, in *Katz,* determined that in a SIPA proceeding, "where bankruptcy law is informed by federal securities law," the good faith of an initial transferee under section 548(c) of the Bankruptcy Code is evaluated under a "willful blindness" standard. *Katz*, 462 B.R. at 454-56. There, the Court found that "[a] securities investor has no inherent duty to inquire about his stockbroker, and SIPA creates no such duty." *Id.* at 455. Instead, to prove that a BLMIS customer lacked good faith in receiving a transfer from its BLMIS account, the Trustee must establish that the customer "'was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'" *Id.* (quoting *United States v. Rodriguez*, 983 F.2d 455, 458 (2d Cir. 1993). By the standard determined by this Court in *Katz*, DEZ may therefore defeat the Trustee's recovery claim if DEZ establishes that Fairfield had no actual knowledge of, nor was it "willfully blind" to, the BLMIS fraud.

As in *Katz* and other similar proceedings in the BLMIS SIPA liquidation, where the Court withdrew the reference to determine the appropriate standard to measure an initial transferee's good faith under section 548(c), s*ee, e.g.*, *Katz*, 462 B.R. 447, 454-56; *Flinn*, 463 B.R. at 284-85, here, too, the appropriate standard to measure the good faith of an initial transferee under section 548(c) is a question that will require significant interpretation of federal securities law, mandating the withdrawal of the reference.

### 2. Determining Defendant's "Good Faith" Under Section 550(b) Requires Significant Interpretation of Federal Securities Law.

Adjudication of this action will also require a determination of the good faith of DEZ, as an alleged subsequent transferee. DEZ's lack of good faith as a recipient of the alleged subsequent transfer of BLMIS customer property is an element of the Trustee's claim against DEZ for recovery under section 550 of the Bankruptcy Code. The Trustee may not recover the value of an avoided transfer from a subsequent transferee if the subsequent "transferee takes for

9

[[3336673]]

value … in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b)(1).  Courts have held that the plaintiff has the burden of establishing that the subsequent transferee lacked good faith in receiving the transfer.  *See G-I Holdings, Inc. v. Those Parties Listed on Exhibit A (In re G-I Holdings, Inc.)*, 313 B.R. 612, 645 (Bankr. D.N.J. 2004) ("[T]he [plaintiff] has the burden of proving that … [the subsequent transferee] … did not take the transfer for value and in good faith, and that they had knowledge of the voidability of the transfer."); *Lustig v. Hickey (In re Hickey)*, 168 B.R. 840, 850 (Bankr. W.D.N.Y. 1994) ("The trustee has the burden of proving that the defendant should not have the benefit of the shelter provided by Section 550(b)(1) …."); *Belford v. Breck (In re Med. Cost Mgmt., Inc.)*, 115 B.R. 406, 409 (Bankr. D. Conn. 1990) (imposing on the plaintiff "the burden of proving" that the subsequent transferee "did not take the transfer … in good faith"); *Kepler v. Olson (In re Musurlian)*, 97 B.R. 985, 987 (Bankr. W.D. Wis. 1989) ("The burden of proof is not specifically assigned by the statute, and in the absence of any other provision, the trustee has the burden of proving each element for recovery.") (internal citation omitted).  *But see IRS v. Nordic Vill., Inc. (In re Nordic Vill., Inc.)*, 915 F.2d 1049, 1055 (6th Cir. 1990) (imposing the burden of proof on the defendant), *rev'd on other grounds*, 503 U.S. 30 (1992).  Thus, to recover on his claim against DEZ, the Trustee must establish that DEZ did not receive the alleged redemption payments from Fairfield in "good faith."

DEZ intends to argue that a standard no more demanding than that applied to initial transferees under section 548(c) should be applied to measure a subsequent transferee's good faith under section 550(b).  If, as the Court held in *Katz*, SIPA does not create an affirmative investigative duty in the initial transferee, who had a direct relationship with and access to BLMIS, it should not impose a more restrictive standard of good faith on a subsequent transferee, who had no direct relationship with BLMIS.  *Cf. Cassirer v. Sterling Nat'l Bank & Trust*

10

*Co. of N.Y. (In re Schick)*, 223 B.R. 661, 663 (Bankr. S.D.N.Y. 1998) (recognizing the higher burden placed by the Bankruptcy Code on the initial transferee than subsequent transferees because the initial transferee has "greater ability to monitor his debtor and the assets used to pay the debt").

Under the "willful blindness" standard established in *Katz*, unless the Trustee can establish that DEZ received the redemption payments with knowledge of the BLMIS fraud, or that DEZ was willfully blind to indicia of the fraud, the Trustee may not recover from DEZ as a subsequent transferee.  The Trustee does not allege that DEZ knew of or was willfully blind to the BLMIS fraud.  In fact, the Complaint contains no allegation whatsoever of DEZ's awareness of the BLMIS fraud.  DEZ intends to establish that it had no knowledge of, nor was it willfully blind to, the BLMIS fraud, and therefore, DEZ received the Fairfield redemption payments in good faith.

In other similar proceedings in the BLMIS SIPA liquidation, the Court withdrew the reference to determine the appropriate standard to measure an initial transferee's good faith under section 548(c).  *See, e.g.*, *Katz*, 462 B.R. 447, 454-56; *Flinn*, 463 B.R. at 284-85.  As in those actions, the appropriate standard to measure the good faith of a transferee under section 550(b) in this action is a question that will require significant interpretation of federal securities law, mandating the withdrawal of the reference.

**II.     The Court Should Withdraw the Reference for Cause on the Basis of Defendant's Right to a Jury Trial.**

A party who has not filed a proof of claim in a bankruptcy case has a right to a jury trial in a preference or fraudulent transfer recovery action.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36, 58 (1989).  A defendant in a subsequent transfer recovery action that seeks only to augment the estate has the same right.  *See id.*; *Stern v. Marshall*, 131 S. Ct. 2594, 2598, 2614, 2616 (2011).  The bankruptcy judge may conduct a jury trial only if the district court specifically

designates him to do so and all parties consent.  28 U.S.C. § 157(e).  Accordingly, a party's right to a jury trial is sufficient cause to withdraw the reference.  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  That cause is present here.  Because DEZ has not filed a proof of claim in the BLMIS SIPA liquidation, it has the right to a jury trial in this Court, which cannot be vindicated unless the reference to the Bankruptcy Court is withdrawn.

## Conclusion

For the foregoing reasons, DEZ respectfully requests that the Court enter an order withdrawing the reference of this action to the Bankruptcy Court.

Dated:   New York, New York
         March 30, 2012

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by
   /s/ Richard Levin
   Richard Levin
   David Greenwald

825 Eighth Avenue
   New York, New York 10019
      (212) 474-1000

*Attorneys for DEZ Financial Management Ltd.*